UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Mark J. Raczkowski and                                    Case No. 14-43727-PJS
Christy A. Raczkowski,                                    Chapter 13
                                                         Hon. Phillip J. Shefferly
                    Debtors.
_____/

## ORDER GRANTING IN PART THIRD APPLICATION
## FOR POST-CONFIRMATION FEES AND EXPENSES

        This matter is before the Court on the Chapter 13 Trustee's objections to a fee application.

On April 12, 2016, the Court held a hearing on the third application for post-confirmation attorney

fees filed by Marrs & Terry, PLLC ("Law Firm").  For the following reasons, the Court sustains in

part and overrules in part the Trustee's objections and grants the application in a reduced amount.

        The Debtors filed this Chapter 13 case on March 7, 2014.  That same day, they filed their

Chapter 13 plan, which included a lien strip of a second mortgage on their residence.  On August 8,

2014, the Court confirmed the plan.

        On January 11, 2016, the Law Firm filed its third post-confirmation fee application

("Application") for fees in the amount of $2,703.00, plus expenses of $100.28.  The Application

covers the time period of September 3, 2015 through January 4, 2016.  The Application has a short

explanation of the services provided, consisting of a review of a notice of mortgage payment change,

a plan modification, numerous emails and communications with the clients.  The Trustee filed

objections on January 29, 2016.  On April 12, 2016, the Court held a hearing and took the

Application under advisement.

Exhibit 5 of the Application contains time records, and describes five general categories of services provided by the Law Firm. The total hours and amounts requested are as follows:

| | | |
|---|---|---|
| Communications regarding tax refund | 0.2 | $ 51.00 |
| Wage order | 0.4 | $ 102.00 |
| Notice of change in mortgage payment | 0.5 | $ 127.50 |
| Amended schedules I and J | 0.9 | $ 229.50 |
| Plan modification | 8.0 | $2,040.00 |
| Claims administration | 0.1 | $ 25.50 |
| Fee application preparation | 0.5 | $ 127.50 |

The Trustee raises three objections to the Application, all involving the fees for the plan modification, and one objection to the form of the proposed order attached to the Application. To provide context for the Trustee's objections, the Court will first explain the plan modification, the objections to it, and the Court's ruling regarding it. The Court will then address the Trustee's specific objections to the Application.

The Debtors' plan modification sought two forms of relief. First, Mr. Raczkowski had retired some time after confirmation and his income decreased as a result. Accordingly, the Debtors sought to lower their plan payments from $1,569.23 to $1,246.15 bi-weekly, and to eliminate a $200.00 step payment due to take effect in April, 2016. Second, the Debtors received federal tax refunds for 2013 and 2014 totaling over $18,000.00. The confirmed plan requires 100% of income tax refunds to be paid into the plan. The proposed plan modification called for excusing turnover of the 2013 and 2014 refunds so that the Debtors could use those funds to replace major appliances and pay for household, auto and driveway repairs. The Trustee and two secured creditors objected to the plan modification. At a December 8, 2015 hearing on the plan modification, the Debtors and the two secured creditors reached an agreement to resolve the creditors' objections. Instead of the full amount of the proposed reduction in plan payments, the plan payments were reduced to

-2-

$1,417.94 bi-weekly, with a step increase to $1,510.25 bi-weekly on April 6, 2016. As for the income tax refunds, the Court ruled that the Debtors had failed to demonstrate a sufficient change in circumstances to excuse turnover of the refunds. In addition, they failed to demonstrate that they needed the funds to pay expenses that were reasonably necessary for maintenance or support. Instead, the Court found the proposed expenses to be more in the nature of home improvements.

Turning now to the Application, the Trustee first objects because the amount of the fees sought for the plan modification is disproportionate to the relief actually granted by the Court. As noted, the plan modification sought two forms of relief. The Court only granted one, and that was in a reduced amount from what the Debtors sought. In light of these facts, the Trustee concludes that the fees were excessive. When asked at the hearing what would be a reasonable fee for the services described in the Application, the Trustee suggested $500.00.

The Law Firm counters that the plan modification's reduction in plan payments over the remaining life of the Debtors' plan totals over $14,000.00, a substantial amount. The Law Firm concludes that the Debtors benefitted from its services, even if the Court denied their request to excuse turnover of the income tax refunds.

The Trustee is correct that a dollar-for-dollar comparison of the fees incurred to the benefit received by the debtor or creditors can sometimes be helpful in evaluating a fee request. It provides the Court with one point of comparison. But here, it works against the Trustee. The Law Firm incurred fees of $2,040.00 in requesting a reduction of over $32,000.00 in the Debtors' plan payments (the total over the remaining life of the plan of the reduced bi-weekly payments plus the income tax refunds), and was successful in excusing over $14,000.00 of plan payments. That is

substantially more than the fees requested for the plan modification. The Court concludes that the Trustee's first objection should be overruled.

The Trustee's second and third objections overlap. The Trustee argues that the plan modification's request to excuse turnover of the income tax refunds was "unsupported." The Trustee points out that he had challenged both the legal and factual support for the tax refunds being reasonably necessary for maintenance or support. The Trustee goes on to argue that the Court should consider the likelihood of success on the merits of the Debtors' plan modification at the time the services were performed. In this case, the Trustee asserts that the Law Firm should have known that the plan modification, at least in part, was a non-starter. In other words, it lacked legal and factual support at the outset for all of the relief requested.

The Law Firm disagrees, first noting that it efficiently addressed both the proposed reduction in plan payments and the proposed excusal of the tax refunds by filing only one plan modification, and then noting that neither objecting creditor took issue with the proposed excusal of the tax refunds. At the time, the Debtors felt that they had sufficient justification for their request to excuse turnover of the tax refunds, and had provided written estimates for the anticipated repairs and purchases. According to the Law Firm, the Court simply disagreed and found that excusal of the tax refunds was not appropriate relief, and thus denied the plan modification in part.

Asking to excuse over $18,000.00 in income tax refunds was an aggressive request. But was the request doomed from the start? Section 330(a) of the Bankruptcy Code instructs that the Court should consider "whether the services were necessary to the administration of, or beneficial *at the time at which the service was rendered* toward the completion of, a case under this title[.]" 11 U.S.C. § 330(a)(3)(C) (emphasis added). In this case, the Debtors' budget was the source of

-4-

many objections by the Trustee prior to confirmation. Even for a family of five, the budget was well in excess of most budgets that the Court sees. In consideration for the Trustee waiving those budget issues, the Debtors agreed to an increase in payments so that they could obtain confirmation of their plan. When it filed the proposed plan modification just over a year after confirmation, the Law Firm had to know that the Debtors' ability to make the agreed increase in plan payments would be erased by Mr. Raczkowski choosing to retire. The Debtors' concurrent request for permission to excuse the tax refunds to use those funds for discretionary home improvements was indeed doomed.

The Court agrees with the Trustee's second and third objections that a reduction in the fees requested for the proposed plan modification is warranted. However, the Court does not agree with the Trustee's suggested reduction because it ignores the fact that the Court did grant the plan modification in part, enabling the Debtors to obtain a substantial reduction in plan payments. That was because of the Law Firm's services, and would not have occurred but for the Law Firm's services in prosecuting the plan modification. In these circumstances, a partial reduction in the requested fees is appropriate. The Court will reduce the Law Firm's Application by $510.00, or two hours, based on the Trustee's second and third objections.

The Trustee's fourth objection pertains to the third paragraph in the Law Firm's proposed order. This paragraph provides that, "[t]o the extent that fees and costs pursuant to this Order are not disbursed by the Chapter 13 Trustee, they shall be paid directly by the Debtor(s)." The Trustee argues that this provision should be applicable only in the event that the case is dismissed. The Law Firm did not address this objection.

L.B.R. 3070-1 (E.D. Mich.) provides that "[i]n a chapter 13 case, all claims must be paid by and through the chapter 13 trustee unless the debtor's plan establishes cause for remitting payments

-5-

on a claim directly to the creditor." Certainly, if their case is dismissed, there is cause to have the Debtors directly pay any awarded fees to the Law Firm. But absent dismissal of the case, there is no cause shown. The Court sustains the Trustee's fourth objection.

Having now had the opportunity to review the Application and the Trustee's objections in more detail, the Court concludes that, under § 330 of the Bankruptcy Code and <u>In re Boddy</u>, 950 F.2d 334 (6th Cir. 1991), fees in the amount of $2,193.00 were reasonably likely to benefit the Debtors or their creditors, but the balance of fees requested was not. Therefore, the Court will sustain in part the Trustee's objections. Accordingly,

**IT IS HEREBY ORDERED** that the Law Firm is granted fees requested by the Application in the amount of $2,193.00 and expenses in the amount of $100.28.

**IT IS FURTHER ORDERED** that the remaining fees requested by the Law Firm in the Application are disallowed.

.

Signed on April 14, 2016

　　　　　　　　　　　　　　　　　　/s/ Phillip J. Shefferly
　　　　　　　　　　　　　　　　Phillip J. Shefferly
　　　　　　　　　　　　　　　　United States Bankruptcy Judge